■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v COUNTY OF ONONDAGA et al., Appellants, and CHERYL BARNES, Individually and as Parent and Natural Guardian of SHAWN BARNES, an Infant, and as Administratrix of the Estate of HEATHER BARNES, Deceased, Respondent.—Judgment unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: Liberty Mutual Insurance Company (Liberty Mutual) commenced this action seeking a declaration that it had no further obligation to defend or indemnify the County defendants in the underlying personal injury action based upon our Court's resolution of an appeal in that action *(see, Barnes v County of Onondaga,* 149 AD2d 962). On that appeal, we held that summary judgment should have been granted dismissing the complaint against contractor Davis-Walbridge because there was no basis in the record to support liability against that defendant.

At the time of the accident, defendant County was covered by an Owners' and Contractors' Protective Liability Policy issued by Liberty Mutual, in accordance with the requirements of the construction contract between the County and Davis-Walbridge. That policy provided that Liberty Mutual

would pay, on behalf of the County ("the insured"), all sums which the insured shall become legally obligated to pay as damages because of bodily injury caused by an occurrence and arising out of: "(1) operations performed for the named insured by the contractor designated in the declarations at the location designated therein or (2) acts or omissions of the named insured in connection with his general supervision of such operations".

After the prior appeal, plaintiffs in the underlying personal injury action served an amended complaint alleging that the County was negligent in failing properly to monitor said highway while under construction; failing to have safety lights; failing to have proper warning signs; failing properly to mark roadway (should have had a sign indicating "no passing" during construction); failing to provide a detour for the road on rainy nights; and failing to provide reduced speed signs.

This Court's decision finding no basis for liability against Davis-Walbridge *(Barnes v County of Onondaga, supra)* is not determinative in this action because plaintiffs, in their amended complaint in the underlying personal injury action, have raised a new theory of liability by alleging that the County was negligent in failing properly to monitor said highway while under construction. Those allegations sufficiently invoke provisions of the liability policy under which Liberty Mutual is obligated to provide coverage to the County for injuries sustained as a result of "acts or omissions of the [County] in connection with [its] general supervision of such operations". Therefore, we reverse the judgment, grant defendants' motion for summary judgment and declare that plaintiff is obligated to defend and indemnify the County defendants. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Declaratory Judgment.) Present— Denman, P. J., Callahan, Green, Pine and Balio, JJ.